IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RON and LAUREN PARRISH, as Parents of L;
VICTOR and LAURA CRAIG, as Parents of A;
MICHAEL and CHASTIDY LAWS, as Parents of G;
and RACHELLE SIVERLY, as Parent of S                                    PLAINTIFFS

v.                                    No. 5:15-CV-05083

BENTONVILLE SCHOOL DISTRICT; MICHAEL
POORE, District Superintendent; TANYA SHARP,
District Executive Director Student Services; REBECCA
POWERS, Bentonville School Board; TRAVIS RIGGS,
Bentonville School Board; RUDY UPSHAW, Bentonville
School Board; WENDI CHEATHAM, Bentonville School
Board; WILLIE COWGUR, Bentonville School Board;
GRANT LIGHTLE, Bentonville School Board;
MAUREEN BRADSHAW, District SPED Coordinator;
ARKANSAS DEPARTMENT OF EDUCATION; and
JOHNNY KEY, Commissioner                                    DEFENDANTS

## OPINION AND ORDER

Currently before the Court are the following motions, which are ripe for consideration:

- A motion to dismiss by Defendants Arkansas Department of Education ("ADE") and Johnny Key (collectively "the State Defendants") (Doc. 10);

- A motion to dismiss by Defendants Bentonville School District ("BSD"), Maureen Bradshaw, Wendi Cheatham, Willie Cowgur, Grant Lightle, Michael Poore, Rebecca Powers, Travis Riggs, Tanya Sharp, and Rudy Upshaw (collectively "the District Defendants") (Doc. 13);

In an order entered November 24, 2015 (Doc. 37), the Court denied Plaintiffs' motions for extensions of time to respond to the motions to dismiss and stated that it would not consider the late-

filed responses.  Because of the need for clarification of certain issues, the Court held a hearing on the motions on December 14, 2015.

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)).  "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).  However, pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009).

"*Twombly* and *Iqbal* did not abrogate the notice pleading standard of [Federal] Rule [of Civil Procedure] 8(a)(2).  Rather, those decisions confirmed that Rule 8(a)(2) is satisfied 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for a misconduct alleged.'" *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).  Where the facts alleged, taken as true, "raise a reasonable expectation that discovery will reveal evidence" in support of a plaintiff's claim, the Court should deny a motion to dismiss.  *Twombly*, 550 U.S. at 556.

Having considered the pending motions, as well as arguments of counsel for all parties at the hearing, the Court finds that the following claims of Plaintiffs are subject to dismissal for failure to state a claim:

- Title IX claims;

- State-law claims;

- Any claims brought pursuant to the Individuals with Disabilities Education Act ("IDEA") on behalf of the Laws or Ms. Siverly;

- Any § 1983 claims against the Arkansas Department of Education ("ADE")

- Claims against any individual defendant in his or her individual capacity.

In their complaint, Plaintiffs' Title IX claim is captioned "Title IX Claim - Unlawful Discrimination Based on Disability." (Doc. 1, p. 29). Under this caption, Plaintiffs summarily allege that they were "targeted by BSD because of their disability (autism)." Although there is no citation under this charge in the complaint, the Court presumes Plaintiffs are referring to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq, which prohibits "discrimination on the basis of sex in any educational program that receives federal funding." 20 U.S.C. § 1681(a); *Roe v. St. Louis Univ.*, 746 F.3d 874, 881 (8th Cir. 2014). While Plaintiffs' counsel at the hearing referred to the fact that all the children on whose behalf this case is brought are male, there are no allegations in the complaint that would support a claim of discrimination based on the children's sex. Plaintiffs have failed to state a claim for violation of Title IX as to any Defendant.

Plaintiffs' state-law claims are contained in a single paragraph, which states that "[t]he aforementioned actions of Defendants [Bentonville School District], Poore, Sharp, Powers, Riggs, Upshaw, Cheatham, Cowgur, Lightle, and Bradshaw constitute state law claims of negligence, assault, battery, fraud, the denial of a free education, and outrage." (Doc. 1, ¶ 117). The Court declines to comb through the lengthy factual allegations of the complaint in an effort to determine the whether there is a sufficient factual or legal basis for each summarily pleaded state-law claim. Furthermore, Plaintiffs' counsel stated at the hearing that—despite the indication in the complaint that all the listed state-law claims were brought against all the listed Defendants in the same

paragraph—the fraud claim was brought against Defendant Bradshaw only, and the only state-law claim brought against the other individual Defendants was the claim for denial of a free education. This leaves the Court to interpret that the claims for negligence (otherwise unspecified), assault, battery, and outrage are brought against the Bentonville School District ("BSD").  The complaint, does not however, specify how or why BSD should be found to have committed those offenses. Likewise, there are no specific allegations against any individual defendant sufficient to state a claim against them in their individual capacities, either as to the state-law claims or any other claim.  And as to the fraud claim against Bradshaw, Plaintiffs have not pleaded fraud with particularity as required. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  Plaintiffs' state-law claims and all claims against Defendants in their individual capacities are subject to dismissal for failure to state a claim.

Defendants filed supplements showing that the Laws (Docs. 33-1 and 33-2) and Ms. Siverly (Doc. 35-1) had their IDEA claims dismissed without prejudice at the administrative level.  Their IDEA claims, therefore, have not been administratively exhausted as required[1] and are subject to dismissal without prejudice.

At the hearing, Plaintiffs' counsel conceded that she did not intend to bring § 1983 claims against the ADE.  Rather, she sought prospective injunctive relief and declaratory relief against Defendant Johnny Key in his official capacity as Commissioner of the ADE.  To the extent Plaintiffs

---

[1] *Blackmon ex rel. Blackmon v. Springfield R-XII School Dist.*, 198 F.3d 648, 655-56 (8th Cir. 1999) ("under well-established judicial interpretations of the IDEA, [the plaintiff] had an obligation to exhaust her administrative remedies with regard to the issues upon which she seeks judicial review") (citing 20 U.S.C. § 1415(i)(2)(a)).

intended to bring § 1983 claims against the ADE,[2] such claims are barred by sovereign immunity and must be dismissed. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (while "state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment, the same doctrine does not extend to states or state agencies").

Defendants' motions to dismiss will be granted insofar as the above claims will be dismissed. While Plaintiffs will be granted leave to file an amended complaint, any amended complaint seeking to raise claims dismissed by this order must cure the noted deficiencies or be subject to dismissal without further leave to amend. The motions to dismiss will be denied in all other respects.

Specifically, the Court rejects Defendants' argument that the Parrishes' IDEA claims should be dismissed as untimely. The Parrishes timely filed their complaint on the 91st day after their hearing decision was rendered on January 12, 2015. Ninety days after that date would have been April 12, 2015—a Sunday. Plaintiffs filed their complaint on April 13, as allowed by Rule 6(a)(1)(c) of the Federal Rules of Civil Procedure.

The Court finds that Plaintiffs have also sufficiently stated an IDEA claim (as to the Parrishes and Craigs) against the ADE.[3] Plaintiffs claim that the ADE denied them due process by failing to provide impartial due process hearing officers and otherwise failing to ensure that the process was procedurally fair. Plaintiffs have also claimed that the ADE failed to ensure that Plaintiffs were

---

[2] Paragraph 110 of the complaint alleges that "Defendants ADE and BSD did . . . under color of state law, knowingly violate the rights, privileges or immunities of L, A, G, and S, secured by the Constitution and laws of the United States, by denying them their constitutionally protected right to a free appropriate public education and right to bodily integrity and right to be secure in their persons." (Doc. 1).

[3] It appears that any claim against Commissioner Key in his official capacity would be redundant to a claim against the ADE in the IDEA context.

provided with a free appropriate public education and that the ADE failed to provide Plaintiffs an education in the least restrictive environment.  However, the Court will direct Plaintiffs to make a more definite statement as to what specific relief they are seeking on their IDEA claims, as this is not apparent from the complaint.

The Court finds that Plaintiffs have also sufficiently stated a claim under Section 504 of the Rehabilitation Act of 1973 ("Rehab Act") and under the Americans with Disabilities Act ("ADA"). While Plaintiffs did not explicitly use the words "bad faith" or "gross misjudgment" in making these claims,[4] such allegations may be reasonably inferred from the allegations of the complaint.

Plaintiffs' counsel made numerous clarifications of Plaintiffs' claims at the hearing.  The original complaint (Doc. 1), however, is the pleading that currently defines this action, and Defendants cannot be expected to further litigate the action without some clarity on the record. Therefore, Plaintiffs will be directed to file an amended complaint that clearly sets out, as to each claim: (1) which Plaintiffs are bringing the claim; (2) against which Defendant(s) the claim is brought; and (3) what relief is sought on behalf of each Plaintiff and as to each Defendant.  As to the Laws and Ms. Siverly in particular, Plaintiffs should also make clear what claims are brought and/or relief sought given that those families have not exhausted their administrative remedies[5] and have

---

[4] "Where alleged ADA and § 504 violations are based on educational services for disabled children, the plaintiff must prove that school officials acted in bad faith or with gross misjudgment." *Birmingham v. Omaha School Dist.*, 220 F.3d 850, 856 (8th Cir. 2000).

[5] While the Court has found only that the Laws' and Ms. Siverly's IDEA claims are subject to dismissal, the Court is not convinced that the Laws and Ms. Siverly may bring claims under the ADA, the Rehab Act, or § 1983 insofar as such claims seek the same relief.  *J.B. ex rel. Bailey v. Avilla R-XIII School Dist.*, 721 F.3d 588 (8th Cir. 2013) (failure to exhaust administrative remedies barred not only IDEA claims, but also claims under the ADA and Rehab Act that sought the same relief).

now moved out of state.

As discussed at the hearing, the Court also considered imposing a monetary sanction of $500 as to Plaintiff's counsel Theresa Caldwell, to be paid as a penalty to the Court.  Upon further reflection and consideration, however, the Court will not impose a monetary sanction at this time and instead will let stand the Court's admonitions to Ms. Caldwell at the hearing.  Ms. Caldwell is also cautioned that a monetary sanction will be imposed in the future for Rule 11 violations.  Such admonition and caution is appropriate due to Ms. Caldwell's violation of Federal Rule of Civil Procedure 11(b) in presenting to the Court a motion for extension of time (Doc. 23) in which she represented that her response to the pending motion to dismiss filed by the ADE and Commissioner Key was due on July 1, 2015.  In presenting the motion to the Court, Ms. Caldwell represented that the information contained in that motion was factually correct "to the best of [her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b).  It was not reasonable under the circumstances for Ms. Caldwell to fail to read a less-than-two-page order that clearly set a deadline of June 26, 2015.[6]  Ms. Caldwell's conduct in failing to read an order of the Court filed in response to her own motion for extension, and her resulting misrepresentation in a motion presented for the Court's consideration, "viewed objectively, manifests either intentional or reckless disregard of [Ms. Caldwell's] duties to the court." *Clark v. United Parcel Service, Inc.*, 460 F.3d 1004, 1009 (8th Cir. 2006) (quotation omitted) (setting out traditional standard for imposition of Rule 11 sanctions and declining to consider whether the 1993 amendments to Rule 11 required a more stringent standard for imposition of sanctions sua sponte).

---

[6] The Court notes that the June 26th deadline was also clearly set out in the docket text, which would have appeared in the short notice of electronic filing emailed to all counsel of record.

While co-counsel Kitty Cone may also be faulted for failing to abide by the Court's deadline, it is Ms. Caldwell that filed the motion for extension with the Court containing the misrepresentation (Doc. 23, showing Theresa Caldwell as filer) and who has represented to the Court that she is lead counsel in this case and ultimately responsible for litigation of this action.  Ms. Cone is also advised, however, that more careful reading of the Court's orders is expected.

For the reasons set forth above, IT IS ORDERED that Defendants' motions to dismiss (Docs. 10, 13) are GRANTED IN PART and DENIED IN PART.  The motions are granted insofar as Plaintiffs' claims under Title IX, state-law claims, claims against the individual Defendants in their individual capacities, IDEA claims brought on behalf of the Laws of Ms. Siverly, and § 1983 claims against the ADE are all DISMISSED for failure to state a claim, with leave of Court to amend the complaint.  The motions are DENIED in all other respects.

IT IS FURTHER ORDERED that Plaintiffs file an amended complaint providing a more definite statement as to each claim by clearly setting out: (1) which Plaintiffs are bringing the claim; (2) against which Defendant(s) the claim is brought; (3) what relief is sought on behalf of each Plaintiff and as to each Defendant.  The amended complaint must be filed by **no later than January 15, 2016**.  Defendants must file an answer or other appropriate response by **January 28, 2016**.

IT IS FURTHER to be noted of record that Plaintiff's counsel, Ms. Theresa Caldwell, is cautioned that future violations of Rule 11 will be sanctioned.

The Court will consider continuing the trial of this matter and entering an amended final scheduling order after filing of the amended complaint and responses.

IT IS SO ORDERED this 21st day of December, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE