IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RON and LAUREN PARRISH, as Parents of L;
VICTOR and LAURA CRAIG, as Parents of A;
MICHAEL and CHASTIDY LAWS, as Parents of G;
and RACHELLE SIVERLY, as Parent of S                                             PLAINTIFFS

v.                                               No. 5:15-CV-05083

BENTONVILLE SCHOOL DISTRICT; MICHAEL
POORE, District Superintendent; TANYA SHARP,
District Executive Director Student Services; REBECCA
POWERS, Bentonville School Board; TRAVIS RIGGS,
Bentonville School Board; RUDY UPSHAW, Bentonville
School Board; WENDI CHEATHAM, Bentonville School
Board; WILLIE COWGUR, Bentonville School Board;
GRANT LIGHTLE, Bentonville School Board;
MAUREEN BRADSHAW, District SPED Coordinator;
ARKANSAS DEPARTMENT OF EDUCATION; and
JOHNNY KEY, Commissioner                                                         DEFENDANTS

## OPINION AND ORDER

Currently before the Court are the following motions, which are ripe for consideration:

- A motion to file an amended complaint/for reconsideration filed by Plaintiffs (Doc. 45);

- A motion to dismiss by Defendants Bentonville School District ("BSD"), Maureen Bradshaw, Willie Cowgur, Grant Lightle, Michael Poore, Rebecca Powers, Travis Riggs, and Tanya Sharp (collectively "the District Defendants") (Doc. 50);

- A motion to dismiss filed by Defendants Arkansas Department of Education ("ADE") and Johnny Key (together "the State Defendants") (Doc. 53);

- Plaintiffs' motion to modify the final scheduling order (Doc. 56);

- The District Defendants' motions to compel (Docs. 64 and 68);

- BSD's motion for partial summary judgment (Doc. 70);

- The State Defendants' motion for summary judgment (Doc. 72);

- BSD's motion for leave to file exhibits under seal (Doc. 76);

- The District Defendants' motion to sever (Doc. 77); and

- Plaintiffs' motions to strike (Docs. 79 and 85).

The Court will take up each motion in turn.

## I.     Plaintiffs' motion to amend complaint (Doc. 45)

On December 21, 2015, the Court entered an order (Doc. 40) directing Plaintiffs to file an amended complaint.  In part, the order found that "[a]ny claims brought pursuant to the Individuals with Disabilities Education Act ("IDEA") on behalf of the Laws or Ms. Siverly" were "subject to dismissal for failure to state a claim."  *Id*. at pp. 2-3.  The Laws' and Ms. Siverly's IDEA claims were dismissed, as the Court found that "their IDEA claims [had been] dismissed without prejudice at the administrative level.  Their IDEA claims, therefore, have not be administratively exhausted as required and are subject to dismissal without prejudice."  *Id*. at p. 4.  The order stated that Defendants' motions to dismiss would be granted insofar as those IDEA claims, among others, would be dismissed.  The dismissal was granted, however, subject to the Court's granting Plaintiffs leave to amend their complaint.  Plaintiffs were specifically directed that "any amended complaint seeking to raise claims dismissed by this order must cure the noted deficiencies or be subject to dismissal without further leave to amend."  *Id*. at p. 5.  As to the Laws and Ms. Siverly in particular, Plaintiffs were directed to "make clear what claims are brought and/or relief sought given that those families have not exhausted their administrative remedies and have now moved out of state."  *Id*. at

pp. 6-7.

In light of the Court's order, Plaintiffs' motion to amend is unnecessary. The order clearly allows for Plaintiffs to file an amended complaint and even to include in that amended complaint dismissed claims as long as the claims were properly supported and addressed the deficiencies noted in the Court's order. Plaintiffs' motion states that the Court's order "seemed to dismiss Plaintiffs' Laws' and Siverly's claims from this lawsuit." (Doc. 45, ¶ 2). As indicated by the docket sheet, the Laws and Ms. Siverly were not terminated as parties to this case. Rather, the Court specifically directed Plaintiffs to clarify the claims brought on behalf of the Laws and Ms. Siverly. To the extent Plaintiffs disagreed with the Court's finding that the Laws and Ms. Siverly had not exhausted their administrative remedies as to their IDEA claims, they were allowed to address that finding by rebutting it in their amended complaint. Plaintiffs have filed an amended complaint as directed, and that amended complaint is the operative pleading in this matter. Plaintiffs' motion to amend their complaint is therefore DENIED as moot.

The District Defendants request that the Court award them attorneys' fees incurred in connection with drafting a response in opposition to the motion to amend. (Doc. 55, p. 3). That request is denied.

## II. The District Defendants' motion to dismiss (Doc. 50)

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). However, pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009).

"*Twombly* and *Iqbal* did not abrogate the notice pleading standard of [Federal] Rule [of Civil Procedure] 8(a)(2). Rather, those decisions confirmed that Rule 8(a)(2) is satisfied 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for a misconduct alleged.'" *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Where the facts alleged, taken as true, "raise a reasonable expectation that discovery will reveal evidence" in support of a plaintiff's claim, the Court should deny a motion to dismiss. *Twombly*, 550 U.S. at 556.

The District Defendants seek dismissal of Plaintiffs' state-law claims against the individual District Defendants in their individual capacities; dismissal of substantive due process claims and claims against the individual Defendants in their official capacities; and dismissal of all claims of the Laws and Ms. Siverly for failure to exhaust administrative remedies. The District Defendants argue that the individual Defendants are also entitled to qualified immunity.

In their motion to modify scheduling order, Plaintiffs state that their amended complaint sued current members of the Bentonville School Board "only in their official capacities." (Doc. 56, ¶ 3). In response to the District Defendants' motion to dismiss, Plaintiffs clarify that "Defendants Michael Poore, Tanya Sharp, and Maureen Bradshaw alone are sued in their individual and official capacities. Defendants Rebecca Powers, Travis Riggs, Joe Quinn, Wille [sic] Cowgur, Matthew Burgess, Brent Leas, Grant Lightly [sic] compromise [sic] the Bentonville School Board of Education and are sued in their official capacities only." (Doc. 59, p. 2).

Plaintiffs argue that Defendants Poore, Sharp, and Bradshaw are not entitled to qualified immunity. Plaintiffs argue that Defendants Poore and Sharp "authorized and approved the use of excessive physical force, physical restraints, and seclusions on children with disabilities, specifically, L, A, and S" and that, despite repeated efforts by Plaintiffs to get the District to end such practices, "Defendants Poore and Sharp refused to take action, refused to intervene, and instead encouraged staff to continue to use physical restraint and seclusion on children with autism." (Doc. 59, pp. 9-10). Plaintiffs argue that Defendant Bradshaw "fraudulently represented to Plaintiffs Craig that she was an 'independent behavior consultant' although she had already been hired by the District, met with them offsite . . . and coerced them to agree that A could be physically restrained as part of a 'crisis plan.'" (Doc. 59, p. 12). Plaintiffs also argue that the school board Defendants should be denied qualified immunity. However, if Plaintiffs are not suing the school board members in their individual capacities, Plaintiffs' claims against them are equivalent to claims against the BSD itself, and qualified immunity is not an issue. It is also unnecessary for the Court to analyze whether Bradshaw is entitled to qualified immunity if the only individual claim against her is one for fraud based on state law and not one of a constitutional dimension.

Focusing on the claims against Poore and Sharp brought pursuant to 42 U.S.C. § 1983 for alleged constitutional violations, the Court finds that Poore and Sharp are entitled to qualified immunity. "Qualified immunity protects individual state actors from liability under § 1983 unless they violate clearly established statutory or constitutional rights of which a reasonable person would have known." *C.N. v. Willmar Pub. Schs., Independent Sch. Dist. No. 347*, 591 F.3d 624, 632 (8th Cir. 2010) (internal quotation omitted). While the right to bodily integrity and to be free from excessive use of governmental force are clearly established, such rights are not clearly implicated

in the context in which they are raised in this case. In other words, it is not clearly established that public school students have a constitutional right to be free from physical restraint or seclusion when their behavior is uncontrolled. *See, e.g., Couture v. Bd. of Educ. of the Albuquerque Pub. Schs.*, 535 F.3d 1243 (10th Cir. 2008) (physical placement of student in empty room in response to his aggressive or noncompliant behavior did not violate Fourth Amendment right against unreasonable seizure). Plaintiffs have cited to no controlling precedent that would clearly establish such a right. And, to the extent that such a right exists, it was not so clearly established that any reasonable teacher (or administrator) would understand that removing a disruptive student from a classroom or restraining an uncontrolled student would be a violation of that student's constitutional rights. Defendants Poore and Sharp are entitled to qualified immunity as to claims against them brought pursuant to 42 U.S.C. § 1983.

As to Plaintiffs' substantive due process claim, Plaintiffs argue that their claim "is grounded upon the premise that schoolchildren have a liberty interest in their bodily integrity that is protected by the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment and excessive force, physical abuse, and physical restraint violates [sic] these rights." (Doc. 59, p. 16). Plaintiffs claim that Defendant Poore implemented a policy of utilizing physical restraint and seclusion on children with autism despite knowing the substantial risk of injury or death associated with restraint and despite his actual knowledge of the injuries it was causing to Plaintiffs' children. Plaintiffs allege that Defendant Sharp was the primary point of contact for any parent that complained of injuries resulting from the use of physical restraint and, despite her actual knowledge of the cause of these injuries, instructed District staff to lie to Plaintiffs and other parents about how the injuries were sustained. Plaintiffs argue that Defendants' actions, including their continued use of physical

restraint and seclusion on children with disabilities, is objectively unreasonable and that Defendants Poore and Sharp were deliberately indifferent to the injuries and psychological trauma suffered by Plaintiffs' children.

The Court has already found that Defendants Poore and Sharp are entitled to qualified immunity as to Plaintiffs' claims against them in their individual capacities for constitutional violations. Plaintiffs' claims for violation of their substantive due process are also subject to dismissal for failure to state a claim. It does not appear that the District Defendants move for dismissal of Plaintiffs' Fourth Amendment claims in their entirety. Rather, they moved for dismissal of claims against any individual Defendants—which the Court has already addressed—and for dismissal of Plaintiffs' substantive due process claims. The Eighth Circuit has analyzed substantive due process claims as brought pursuant to the Fourteenth Amendment. In order to adequately plead a substantive due process claim, a plaintiff "must allege actions by a government official which violated one or more fundamental constitutional rights and were shocking to the contemporary conscience." *C.N.*, 591 F.3d at 634 (internal quotations omitted). "This is a high standard, as substantive due process is concerned with violations of personal rights so severe, so disproportionate to the need presented, and so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amount to brutal and inhumane abuse of official power literally shocking to the conscience." *Id*. (internal quotation omitted). As in *C.N.*, Plaintiffs' amended complaint, even where it is specific as to any individual Plaintiff, contains allegations that "are little more than general assertions of harm, lacking elaboration as to the context of the alleged incidents or resulting injuries." *Id*. at 635. Plaintiffs fail to plausibly state a claim for violation of their substantive due process rights, and the individual defendants are therefore entitled to qualified immunity on this basis

as well. Furthermore, because the BSD cannot be held responsible for the a constitutional violation that has not been adequately alleged, substantive due process claims against the BSD are also subject to dismissal. *Id*.

As to the state-law claims, Plaintiffs' arguments are somewhat confusing. On the negligence claim, Plaintiffs state broadly that "Defendants' continued use of physical restraint, particularly the use of potentially fatal prone and supine restraints, was negligent and designed to intimidate the Plaintiffs' children into compliance." (Doc. 59, p. 20). The District Defendants' motion addresses dismissal only of the state-law claims as to the individual Defendants in their individual capacities. Plaintiffs have stated that the school board members are being sued in their official capacities only, but then state in regard to the negligence claim that "[t]he individually named Defendants' actions were the proximate cause of the damages to the Plaintiffs and their children." *Id*. Similarly broad allegations are made as to the outrage and assault claims.

It is not clear, either from the amended complaint or Plaintiffs' response to the motion to dismiss how any individual Defendant was negligent or committed the tort of outrage or engaged in assault as to any particular Plaintiff—there are no individualized allegations contained in the amended complaint. This was a deficiency that existed in Plaintiffs' original complaint that was noted by the Court in its previous order. (Doc. 40, p. 4: "there are no specific allegations against any individual defendant sufficient to state a claim against them in their individual capacities"). Therefore, to the extent that Plaintiffs purport to bring claims for negligence, outrage, or assault against any individual Defendant in his or her individual capacity, such claims will be dismissed for failure to state a claim.

Plaintiffs argue that the Craigs' claim for fraud against Defendant Bradshaw should stand.

The Court agrees that the amended complaint contains sufficient allegations that, when taken as true, could sustain a plausible claim for fraud against Defendant Bradshaw. Plaintiffs claim that Bradshaw made a false representation of material fact when she held herself out to be an "independent party" in advising the Craigs as to their child's education plan, notwithstanding the fact that Bradshaw knew she had been hired by the BSD prior to her meeting with the Craigs. The Craigs further allege that Bradshaw held herself out as an independent party with the intent to induce the Craigs to go along with her action plan to the detriment of their child. These allegations are sufficient, at this stage, to sustain a claim for fraud against Defendant Bradshaw and to satisfy the requirements of Federal Rule of Civil Procedure 9(b) that fraud be pled with particularity.

Finally, Plaintiffs argue that the Laws and Ms. Siverly have exhausted their administrative remedies to the extent required to proceed on their claims for constitutional violations under § 1983 and for unlawful disability discrimination pursuant to section 504 of the Rehabilitation Act of 1973 ("section 504") and the Americans with Disabilities Act ("ADA"). Failure to exhaust administrative remedies bars not only IDEA claims, but also bars claims under the ADA and section 504 that seek the same relief. 20 U.S.C. § 1415(l) (" before the filing of a civil action under . . . laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter"); *J.B. ex rel. Bailey v. Avilla R-XIII School Dist.*, 721 F.3d 588 (8th Cir. 2013).

Plaintiff cites to case law that stands for the proposition that allegations of mental and physical abuse fall outside the scope of the IDEA and that courts should not create an additional barrier for children with disabilities to seek remedies for such abuse that would not be required of non-disabled children. *See, e.g., F.H. ex rel. Hall v. Memphis City Sch.*, 764 F.3d 638, 644 (6th Cir.

2014) (finding exhaustion requirement inapplicable where child was allegedly verbally, physically, and sexually abused, explaining that "these injuries are non-educational in nature and cannot be remedied through the administrative process. Moreover, requiring exhaustion of Appellants' 42 U.S.C. § 1983 claims would create an additional administrative barrier not present for non-disabled children"). Having reviewed relevant case law, the Court finds that claims by the Laws and Ms. Siverly may survive the motion to dismiss to the extent that they seek redress for non-educational injuries unrelated to the provision of a free and appropriate public educations as defined by the IDEA. Claims by the Laws or Ms. Siverly that seek redress for educational harms, however, are subject to dismissal. *See Fry v. Napoleon Community Schools*, 788 F.3d 622, 627 (6th Cir. 2015) (recognizing exception stated in *F.H.*, and stating that when claims "do related to the provision of the child's education and can be remedied through IDEA procedures, waiving the exhaustion requirement would prevent state and local government agencies from addressing problems they specialize in addressing and require courts to evaluate claims about educational harms that may be difficult for them to analyze without the benefit of an administrative record"). The Court declines to find, at this juncture, whether dismissal is appropriate for any specific claim (i.e. claims brought pursuant to § 1983, section 504, or the ADA) based on this reasoning, and will instead let this order serve as notice to the parties that any recovery sought by the Laws or Ms. Siverly will be appropriately limited should this case proceed to judgment in favor of Plaintiffs.

**III.    The State Defendants' motion to dismiss (Doc. 53)**

The State Defendants move for dismissal of Plaintiffs' substantive due process claims for failure to state a claim and dismissal of the claims of the Laws and Ms. Siverly for failure to exhaust administrative remedies. The State Defendants' arguments as to these claims are substantially

similar to those of the District Defendants already addressed above.

Plaintiffs' substantive due process claims against the State Defendants are subject to dismissal because Plaintiffs have failed to adequately allege a substantive due process violation, as discussed above. Claims by the Laws and Ms. Siverly survive the motion to dismiss to the extent that they seek redress from the State Defendants for non-educational injuries unrelated to the provision of a free and appropriate public educations as defined by the IDEA.

## IV. Plaintiffs' motion to modify scheduling order (Doc. 56)

Plaintiffs move for a continuance of the trial date and extension of attendant deadlines. Due to the fact that Plaintiffs amended their complaint in January at the direction of the Court, and various motions have been filed since that time, the Court finds that a continuance is warranted. An amended final scheduling order will be entered, setting a new trial date and corresponding deadlines.

## V. The District Defendants' first motion to compel (Doc. 64)

The District Defendants move the Court to compel Plaintiffs and any expert witness who they may call to testify at trial to attend a deposition on or before March 18, 2016. This motion was based, in part, on the fact that the parties were still working under the current scheduling order in place, which will be superseded by an amended scheduling order to be entered by the Court pursuant to this order. Under the amended scheduling order, the parties will be allowed a limited amount of time to continue to engage in discovery, and if Plaintiffs do not timely present themselves or any expert witnesses for depositions, the District Defendants may renew their motion. The current motion, however, will be DENIED as moot.

The Court notes that Plaintiffs, in their response to the District Defendants' motion, argued that the District Defendants' motion did not comply with the Court's scheduling order, as

"Defendants did not indicate 1) whether the dispute can be promptly resolved without court intervention; 2) whether the responding party intends to comply with the moving party's request and, if so, the expected time frame for compliance; 3) whether the responding party intends to substantively contest the motion . . . and (4) whether a hearing would be beneficial." (Doc. 65, pp. 7-8). This allegation is incorrect and demonstrates some obvious confusion by Plaintiffs in regard to the mandates of the scheduling order. The scheduling order is clear that "[t]he initial *response* [to a discovery motion] should indicate *the responding party's* position as to" the above enumerated items. Therefore, Plaintiffs should have filed an initial response to the District Defendants' motion setting out the information requested by the Court. In that response, Plaintiffs had the opportunity to indicate whether a substantive response to the motion was also intended. Plaintiffs should adhere to this format in the future.

Finally, the Court also notes that it is not a violation of the rules to seek leave to file a reply brief in support of a motion other than a motion for summary judgment. The Court's scheduling order explicitly states that "[e]xcept for motions for summary judgment, leave of court must be obtained to file a reply in support of a motion." (Doc. 34, p. 2). The District Defendants' motion for leave to file a reply in support of their motion for partial dismissal was therefore in full compliance with the Local Rules and the Court's scheduling order. Attaching a proposed reply to a motion for leave to file, while not required, likewise does not violate the rules. The District Defendants are admonished, however, that future replies should be limited to seven pages or less as set forth in the Court's scheduling order. *Id.*

VI.  **The District Defendants' second motion to compel**

The District Defendants move the Court to exclude evidence not produced to them by

Plaintiffs prior to the previously set discovery deadline of March 8, 2016. Because the discovery deadline will be reset, the Court finds that this motion should be DENIED as moot at this time.

**VII. The BSD's motion for partial summary judgment (Doc. 70)**

The BSD moves the Court to enter judgment in its favor on Plaintiffs' claims against it for violation of section 504 and for violation of the ADA. The BSD argues that those claims fail as a matter of law "because Plaintiffs can present no evidence to establish the professional standard applicable to the District, and therefore, will be unable to establish that the District substantially departed from that standard." (Doc. 71, p. 2). The BSD also moves for dismissal of Plaintiffs' § 1983 claims based on lack of evidence and dismissal of the IDEA claims of the Parrishes and Craigs, "giving due weight to the decisions of the due process hearing officer in the District's favor." *Id*.

While the Court understands that the BSD filed this motion in compliance with the scheduling order entered August 28, 2015 (Doc. 34, setting deadline of April 7, 2016, for dispositive motions), the motion is premature given the actual procedural status of this case. The BSD's arguments for summary judgment are based largely on Plaintiffs' alleged failure to produce discovery in support of certain claims. Plaintiffs will have a chance to produce such discovery under the amended scheduling order to be entered by the Court. The District Defendants' arguments as to the Parrishes' and Craigs' appeals of their administrative hearing decisions is likewise premature, as the Court has not had sufficient opportunity to review or to receive briefing and argument on the relevant administrative records. Because the Court finds that the motion for partial summary judgment should be denied as premature, the BSD's motion to file supporting exhibits under seal (Doc. 76) will likewise be denied.

**VIII. The State Defendants' motion for summary judgment (Doc. 72)**

The State Defendants move for dismissal of all claims against them.  They argue that Plaintiffs lack standing as to the claims against them; that the State Defendants are entitled to sovereign immunity; that Plaintiffs have failed to state a claim under section 504 and the ADA; and that Plaintiffs' request for review of the administrative hearing decisions as to the Parrishes and Craigs is without merit, as the hearing officer's decision was procedurally and substantively sound.

The Court disagrees that Plaintiffs lack standing to bring their claims for injunctive relief.  The State Defendants argue that none of the children are currently enrolled in the BSD and therefore would not benefit from any prospective injunctive relief.  It is certainly possible, however, that any one or all of the Plaintiffs might re-enroll their child in the public school system in the State of Arkansas if the injunctive relief they request is granted.  It appears from the factual allegations of the complaint that Plaintiffs tried to engage with the BSD and the ADE to get relief while their children were enrolled in public schools.  Because they were unsuccessful in achieving the change they desired within the public school system, Plaintiffs withdrew their children from the system.  While there is no explicit allegation that any Plaintiff intends to re-enroll their child in the Arkansas public school system if injunctive relief is granted, that allegation may be fairly implied.  Furthermore, as the Court has already stated, the deadlines for discovery and dispositive motions in this matter will be reset.  Plaintiffs will have the opportunity to produce any discovery that might be relevant to this issue of standing (i.e. evidence of any intent to re-enroll in the public school system if certain injunctive relief is granted).

The Court likewise rejects the State Defendants' argument regarding sovereign immunity.  The State Defendants have not addressed the issue of whether, as Plaintiffs have claimed, sovereign immunity has been waived in regard to the claims advanced by Plaintiffs in this case, and the Court

declines to grant summary judgment in the State Defendants' favor absent such analysis. In any event, Plaintiffs can bring claims for prospective injunctive relief against Commissioner Key even if sovereign immunity would otherwise apply to bar recovery against the ADE. *See Bradley v. Ark. Dept. of Educ.*, 189 F.3d 745, 754 (8th Cir. 1999).

As to the section 504 and ADA claims, the State Defendants essentially ask for dismissal for failure to state a claim. The Court previously rejected this argument as to the original complaint (Doc. 40, p. 6) and now again finds that the allegations of the amended complaint are sufficient to state a claim. To the extent that the State Defendants argue that summary judgment should be granted based on any failure of Plaintiffs to support their claims with sufficient evidence, that argument is premature as a new discovery deadline will be set in this case.

The argument that the Parrishes' and Craigs' appeals of their administrative hearing decisions should be dismissed is conclusory, and the Court has not had adequate opportunity to review or receive briefing or argument on the relevant administrative records. As such, this argument is likewise premature.

For the reasons set forth above, the State Defendants' motion for summary judgment will be denied without prejudice to the State Defendants' ability to refile an appropriate motion upon close of discovery and in compliance with the new deadline for dispositive motions to be set in the amended final scheduling order.

**IX.    The District Defendants' motion to sever (Doc. 77)**

The District Defendants moves the Court to sever the claims of the separate Plaintiffs, arguing that "Plaintiffs' claims should be tried separately because the adequacy of each Plaintiff Student's individualized education program as well as the nature of each Plaintiff family's unique

interactions with School District Defendants and District personnel are clearly separable." (Doc. 77, p. 3). "Additionally, the Plaintiff families should each have separate trials to avoid the presentation of duplicative evidence and the unfairly prejudicial bolstering of Plaintiffs' claims that will necessarily result from trying all four cases as one" and "fundamental fairness dictates that the defendants be permitted to defend each individual plaintiff's claims on their individual merits alone." *Id*. at pp. 3-4. Plaintiffs responded in opposition to the District Defendants' motion.

Plaintiffs have asserted a variety of claims brought by four sets of Plaintiffs against numerous Defendants. Some claims apply only as to certain Plaintiffs (i.e. only the Craigs and Parrishes have IDEA claims and appeal an administrative hearing decision) or as to certain Defendants (i.e. claims for injunctive relief as to the State Defendants) and some are only by certain Plaintiffs against certain Defendants (i.e. the Craigs' claim for fraud against Maureen Bradshaw). Judicial economy would likely be served by severing at least certain claims—for instance, the appeals brought by the Craigs and Parrishes, which will be heard by the Court and would not, in any event, go to a jury. Other claims, however, more clearly involve common questions of law and fact such that judicial economy might be better served by hearing the Plaintiffs' claims together—for instance, any claims for prospective injunctive relief based on District-wide practices or policies. Because of the complexity of this action, the Court will take this motion under advisement at this time. The parties will be directed to submit a succinct joint proposal, or if no agreement can be reached, separate succinct proposals as to which, if any, claims should be severed for separate consideration and which, if any, claims should be heard together. Each claim, as to each Plaintiff and each Defendant, should be considered and addressed in the proposal or proposals, and the parties and counsel are encouraged to be thoughtful and reasonable in their consideration of this issue.

X.     **Plaintiffs' motions to strike (Docs. 79 and 85)**

Plaintiffs move the Court to strike the State Defendants' motion for summary judgment and the BSD's motion for partial summary judgment. Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from *a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added). Defendants' motions for summary judgment are not pleadings, and striking the filings is therefore not procedurally appropriate. As set forth above, those motions have been considered by the Court and will be denied without prejudice.

XI.    **Conclusion**

For all the reasons set out above, IT IS ORDERED that Plaintiff's motion to amend complaint (Doc. 45) is DENIED as moot.

IT IS FURTHER ORDERED that the District Defendant's motion for partial dismissal (Doc. 50) is GRANTED IN PART and DENIED IN PART. The motion is granted insofar as all claims against individual District Defendants, except for claims against Defendant Bradshaw, are DISMISSED. Plaintiffs have represented that they do not bring claims against the individual school board members in their individual capacities, and Defendants Poore and Sharp are entitled to qualified immunity as to claims brought pursuant to § 1983. Furthermore, with the exception of Bradshaw, Plaintiffs do not adequately allege any state-law claims against any individual Defendant. Claims against individual school board members or district administrative employees in their official capacities are redundant to claims against the BSD itself, and it is therefore unnecessary to keep District employees in this action only in their official capacities. As a result, the Clerk is directed to terminate Defendants Michael Poore, Tanya Sharp, Rebecca Powers, Travis Riggs, Joe Quinn, Willie Cowgur, Matthew Burgess, Brent Leas, and Grant Lightle as parties to this action. The

motion is also granted insofar as Plaintiffs' claims for violation of their substantive due process rights are also DISMISSED for failure to state a claim. The motion is denied in all other respects, with the clarification that the Laws and Ms. Siverly will only be able to recover as to their section 504 and ADA claims to the extent they allege they suffered non-educational harms.

IT IS FURTHER ORDERED that the State Defendants' motion for partial dismissal (Doc. 53) is GRANTED IN PART and DENIED IN PART. The motion is granted insofar as Plaintiffs' substantive due process claims against the State Defendants are dismissed for failure to state a claim. The motion is otherwise denied, with the clarification that claims by the Laws and Ms. Siverly survive the motion to dismiss to the extent that they seek redress from the State Defendants for non-educational injuries unrelated to the provision of a free and appropriate public educations as defined by the IDEA.

IT IS FURTHER ORDERED that Plaintiffs' motion to modify scheduling order (Doc. 56) is GRANTED. An amended scheduling order will be entered.

IT IS FURTHER ORDERED that the District Defendants' motions to compel (Docs. 64 and 68) are DENIED as moot in light of the fact that an amended scheduling order will be entered.

IT IS FURTHER ORDERED that the BSD's motion for partial summary judgment (Doc. 70) is DENIED without prejudice to BSD's ability to re-file an appropriate motion at the close of discovery and in accordance with the new deadline for dispositive motions to be set by the Court.

IT IS FURTHER ORDERED that the State Defendants' motion for summary judgment (Doc. 72) is DENIED without prejudice to the State Defendants' ability to re-file an appropriate motion at the close of discovery and in accordance with the new deadline for dispositive motions to be set by the Court.

IT IS FURTHER ORDERED that the BSD's motion for leave to file exhibits under seal (Doc. 76) is DENIED, as there is no need for the Court to consider the proposed exhibits at this time.

IT IS FURTHER ORDERED that the District Defendants' motion to sever (Doc. 77) is TAKEN UNDER ADVISEMENT.  Counsel for all parties are directed to confer and submit a joint proposal, or—to the extent no agreement can be reached as to certain claims—separate proposals, setting out as to each claim by each Plaintiff and as to each Defendant, whether severance of such claim would be in the interest of judicial economy.  Such proposal or proposals must be submitted by **Monday, May 9, 2016**.

IT IS FURTHER ORDERED that Plaintiffs' motions to strike (Docs. 79 and 85) are DENIED as procedurally inappropriate.

Finally, the Court notes that the Laws Plaintiffs are listed in the amended complaint as "Casey and Chastity" as opposed to "Michael and Chastidy" as they were listed in the original complaint.  Based on Documents 47-3 and 47-4, it appears that the correct names are actually "Casey and Chastidy."  The Clerk is therefore directed to correct the docket to reflect the correct first name of Mr. Laws as "Casey."  If this is incorrect, Plaintiff's counsel should immediately inform the Court.

The Clerk is further directed to terminate Defendants Rudy Upshaw and Wendy Cheatham, as they are not included as Defendants in the amended complaint.

IT IS SO ORDERED this 28th day of April, 2016.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE