IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RON and LAUREN PARRISH, as Parents of L;
VICTOR and LAURA CRAIG, as Parents of A;
MICHAEL and CHASTIDY LAWS, as Parents of G;
and RACHELLE SIVERLY, as Parents of S                                   PLAINTIFFS

v.                               No. 5:15-CV-05083

BENTONVILLE SCHOOL DISTRICT;
MAUREEN BRADSHAW, District SPED Coordinator;
ARKANSAS DEPARTMENT OF EDUCATION; and
JOHNNY KEY, Commissioner                                                DEFENDANTS

**OPINION AND ORDER**

Before the Court is Defendants Bentonville School District ("BSD"), Tanya Sharp,[1] and Maureen Bradshaw's (collectively, the "District Defendants") motion (Doc. 113) for relief under Rule 37(c)(1). Plaintiffs have filed a response (Doc. 114) and brief in support (Doc. 115). The District Defendants have filed a reply (Doc. 120) with leave of the Court. Plaintiffs have also filed a supplement (Doc. 117) to their response. The supplement follows the outline for an initial response to a discovery dispute required by the final scheduling order, and its usefulness as an initial response is diminished here, in that it was filed two days after the full response. Plaintiffs also filed a second supplement (Doc. 118), which includes as an exhibit "a relevant portion of Dr. [Howard] Knoff's Report." (Doc. 118, p. 2). Plaintiffs did not request leave to file this supplement. The Court will consider the "initial response" information in the first supplement (Doc. 117) and the exhibit (Doc. 118-1) attached to the second supplement, but will not consider any arguments raised in either supplement. For the reasons set forth below, the Court will grant

---

[1] Tanya Sharp was dismissed from this action by the Court's April 28, 2016, opinion and order because the Court found she was entitled to qualified immunity. (Doc. 91, p. 5).

1

the District Defendants' motion to exclude from trial any testimony or opinions offered by Dr. Knoff.

The District Defendants argue that Dr. Knoff's testimony and opinions should be excluded because his Rule 26(a)(2) disclosures were not timely made under the Court's scheduling order. Plaintiffs respond that the Court's scheduling order did not explicitly set a deadline for expert disclosures, and so the default timing under the Federal Rules of Civil Procedure applies. Rule 26(a)(2)(D) requires that "[a]bsent a stipulation or a court order, the [expert] disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial."

Because the parties did not raise the matter of expert witnesses in their Rule 26(f) report, neither of the Court's final scheduling orders in this case sets out expert disclosure deadlines separately from the general discovery deadline. However, the Court's final scheduling order mandates that "[*a*]*ll* discovery must be completed no later than March 8, 2016." (Doc. 34, ¶ 2 (emphasis added)). The Court's amended final scheduling order sets out an identical mandate for completion of discovery, except that the deadline set was August 2, 2016. (Doc. 92, ¶ 2). Each final scheduling order allowed that discovery could be conducted beyond the deadline, but only "if all parties are in agreement to do so." (Docs. 34, ¶ 2; 92, ¶ 2).

Trial in this matter was initially set for April 11, 2016. Following the joint Rule 26(f) report, trial was reset for June 6, 2016. Plaintiffs identified Dr. Knoff as a potential expert witness on February 8, 2016, but they did not provide his report to the District Defendants prior to the initial close of discovery on March 8, 2016, and so would not have been able to utilize Dr. Knoff had trial remained set for June 6, 2016. The Court then reset the trial date for October 31, 2016, and set the new discovery deadline of August 2, 2016. The Court also mooted the District Defendants' then-pending motion addressing Plaintiffs' failure to disclose Dr. Knoff's report. Late

on August 1, 2016—one day before the discovery deadline and 91 days before trial—Plaintiffs first disclosed Dr. Knoff's report. (Docs. 115-5 (filed at 9:28 PM); 115-9). Plaintiffs argue that this disclosure was timely.

No expert may be deposed until after disclosure of his report. Fed. R. Civ. P. 26(b)(4)(A). Following disclosure of an expert report, another party may provide a rebuttal expert's report within 30 days. Fed. R. Civ. P. 26(a)(2)(D)(ii). Neither a deposition of Dr. Knoff nor disclosure of a rebuttal report—both matters of discovery—reasonably could have occurred before the discovery deadline. Plaintiffs' decision not to disclose Dr. Knoff's report until the eve of the discovery deadline did not allow "all discovery" to be completed by August 2, 2016, as ordered by the Court, and the disclosure was therefore untimely.

The default consequence for failure to timely disclose the expert report is exclusion of the expert, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Plaintiffs failed to disclose Dr. Knoff's report at all during the initial discovery period, and also failed to timely disclose the report during the rescheduled discovery period. Their excuse that they did not themselves receive Dr. Knoff's report until minutes before they disclosed it to Defendants is not a substantial justification for untimely disclosure; nor is the untimely disclosure harmless. The reasons for requiring expert reports are "the elimination of unfair surprise to the opposing party and the conservation of resources." *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995). Allowing an expert whose report was not timely disclosed and who could not be deposed as to that report to act as a witness would leave Defendants vulnerable to surprise testimony at trial. And extending discovery and pushing back trial yet again in this case, which has been characterized by its docket cluttered with discovery disputes, is unlikely to conserve resources. The Court will exclude Dr. Knoff's testimony and opinion. To do otherwise

would ignore the admonition that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

IT IS THEREFORE ORDERED that the District Defendants' motion for relief (Doc. 113) is GRANTED, and Dr. Knoff's testimony and opinions are excluded from consideration on motions, at hearings, and at trial.

IT IS FURTHER ORDERED that the District Defendants' motion to exclude (Doc. 131) is DENIED AS MOOT.

IT IS SO ORDERED this 12th day of September, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE