IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RON and LAUREN PARRISH, as Parents of L;
VICTOR and LAURA CRAIG, as Parents of A;
MICHAEL and CHASTIDY LAWS, as Parents of G;
and RACHELLE SIVERLY, as Parents of S          PLAINTIFFS

v.                          No. 5:15-CV-05083

BENTONVILLE SCHOOL DISTRICT;
MAUREEN BRADSHAW, District SPED Coordinator;
ARKANSAS DEPARTMENT OF EDUCATION; and
JOHNNY KEY, Commissioner                        DEFENDANTS

## OPINION AND ORDER

Before the Court is Defendant Maureen Bradshaw's motion for summary judgment on the Craig Plaintiffs' state law claim for fraud (Doc. 122), a brief in support (Doc. 123), and a statement of facts in support of their motion (Doc. 124). The Craig Plaintiffs filed a response in opposition (Doc. 158), a brief in support of their opposition (Doc. 159), and a statement of facts which they contend are disputed (Doc. 160). Defendant Bradshaw filed a reply (Doc. 177).

When a party moves for summary judgment, it must establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66–67 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Only facts "that might affect the outcome of the suit under the governing law" need be considered. *Anderson*, 477 U.S. at 248. "[T]he non-movant must make a sufficient

showing on every essential element of its claim on which it bears the burden of proof." *P.H. v. Sch. Dist. of Kan. City, Mo.*, 265 F.3d 653, 658 (8th Cir. 2001) (quotation omitted). Facts asserted by the nonmoving party "must be properly supported by the record," in which case those "facts and the inferences to be drawn from them [are viewed] in the light most favorable to the nonmoving party." *Id*. at 656–57.

The Craig Plaintiffs assert a state-law fraud claim against Defendant Bradshaw in her individual capacity. To recover on the tort of fraud (also known as the tort of deceit) under Arkansas law, a plaintiff must prove five elements by a preponderance of the evidence: (1) that the defendant made a false representation of material fact; (2) that the defendant knew the representation was false or knew that she had insufficient evidence upon which to make the representation; (3) that the defendant intended to induce the plaintiff to action or inaction in reliance on the representation; (4) that the plaintiff justifiably relied on the representation; and (5) that the plaintiff suffered damage as a result of relying on the representation. *Bomar v. Moser*, 251 S.W.3d 234, 241 (Ark. 2007); *Hampton v. Taylor*, 887 S.W.2d 535, 539 (1994).

The Craig Plaintiffs argue that Bradshaw committed fraud when she "made false representations of material fact to the Craigs regarding meeting with them in her official capacity." (Doc. 159, p. 7). They argue that Bradshaw applied for employment with Bentonville School District (BSD) in April of 2013, her application was approved for hire by BSD on May 20, 2013, and Bradshaw did not disclose the fact of her hiring to the Craig Plaintiffs at their meeting on May 28, 2013, which nondisclosure led them to believe that she was an independent behavior consultant employed by ADE and not associated with BSD. *Id.* The Craig Plaintiffs' fraud claim against Bradshaw fails for multiple reasons.

Bradshaw's failure to disclose that she had applied to and been hired by BSD is not an affirmative misrepresentation, but is instead an omission. Active concealment of a material fact may be sufficient to support a charge of fraud, but in the absence of a duty to speak, mere silence as to a material fact is insufficient to create liability for fraud. *Bridges v. United Sav. Ass'n*, 438 S.W.2d 303, 306 (Ark. 1969). Instead,

> Silence, in order to be an actionable fraud, must relate to a material matter known to the party and which it is his legal duty to communicate to the other contracting party, whether the duty arises from a relation of trust, from confidence, for inequality of condition and knowledge, or other attendant circumstances.

*Farm Bureau Policy Holders and Members v. Farm Bureau Mut. Ins. Co. of Ark., Inc.*, 984 S.W.2d 6, 14–15 (Ark. 1998) (quoting 37 Am. Jur. 2d *Fraud and Deceit* § 145). To be liable for failure to disclose a material fact, the defendant must know of the material fact and have a duty to disclose it. The existence of a duty to disclose is a question of law for the Court to decide. *See* Restatement (Second) of Torts § 551 cmt. m. ("Whether there is a duty to the other to disclose the fact in question is always a matter for the determination of the court."). However, underlying disputed facts bearing on the existence of that duty are left to the jury. *Id.*; *see also SEECO, Inc. v. Hales*, 22 S.W.3d 157, 172 (Ark. 2000) ("We have held that whether a confidential relationship exists is a question of fact for the trier of fact to decide.").

There is no evidence that Bradshaw actively concealed from the Craig Plaintiffs either that she had applied to BSD or that BSD approved her application for hire, so any liability will depend on whether Bradshaw knew she had applied to and been hired by BSD, whether the application and hiring were material facts, and whether she had a duty to disclose those facts and failed to comply with that duty. Whether Bradshaw was in a confidential relationship with the Craig Plaintiff's presents a triable issue for a jury, and this question typically must be answered before the Court can determine whether Bradshaw had a duty to disclose. There is no dispute that

Bradshaw knew at the May 28 meeting that she had applied to BSD; however, the Craig Plaintiffs have failed to demonstrate a genuine dispute of material fact as to whether Bradshaw knew at that meeting that BSD had decided to approve her application for hire. Bradshaw testified that she did not learn that she had been hired by BSD until July of 2013. (Doc. 122-3, pp. 4, 6 (Deposition of Maureen Bradshaw, pp. 36:11-19, 38:13-23)). Plaintiffs have identified no evidence to the contrary, and their general disagreement (Doc. 158, p. 4) as to the extent of Bradshaw's knowledge with respect to BSD's decision to hire her does not rise to the level of a genuine dispute.

Bradshaw's knowledge and failure to disclose at the May 28 meeting that she had applied to BSD also cannot support liability for fraud. In the first place, there is no evidence to support a finding that Bradshaw's application to BSD was a material fact. Laura Craig testified in deposition that Bradshaw's participation more likely than not made no difference in the decisions BSD made concerning her child. (Doc. 122-1, p. 9 (Deposition of Laura Craig, p. 110:3-22)). Victor Craig testified similarly. (Doc. 122-2, p. 12 (Deposition of Victor Craig, p. 33:5-15)). Neither of the Craig Plaintiffs has produced or pointed to evidence demonstrating that they in fact acted or refrained from acting based on a belief that Bradshaw was a voice independent from BSD.

Finally, the necessity of damages precludes recovery on this claim. The Craig Plaintiffs allege no financial loss resulting from Bradshaw's actions, and they fail to allege or provide evidence of special and consequential damages. Therefore, summary judgment will be entered in Bradshaw's favor as to the Craig Plaintiffs' state law claim for fraud.

IT IS THEREFORE ORDERED that Defendant Maureen Bradshaw's motion for summary judgment (Doc. 122) is GRANTED and the remaining individual capacity state tort claim against her is DISMISSED WITH PREJUDICE. No state tort claims remain for adjudication in this lawsuit and no individual capacity claims remain against any BSD affiliate.

IT IS SO ORDERED this 7th day of February, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE